USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 5/30/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JOHN HADDOCK,

                              Petitioner,

          -against-

SECOND APPELLATE COURT,

                              Respondent.
----------------------------------------------------------X

**REPORT AND RECOMMENDATION**

10 Civ. 3442 (VB)(GAY)

TO THE HONORABLE VINCENT L. BRICCETTI, United States District Judge:

On January 10, 1991, petitioner John Haddock was convicted in Nassau County, New York of first degree attempted rape. As a result of said conviction, petitioner was required to register as a sex offender pursuant to the Sex Offender Registration Act ("SORA"). See N.Y. Correction Law § 168 et seq. On October 27, 1997, while serving sentence for said conviction, petitioner was classified as a level three Sexually Violent Predator;[1] accordingly, petitioner was required to verify his address annually with the Department of Criminal Justice Services ("DCJS"), personally verify his address with the local police department every ninety days and notify DCJS of any address change within ten days of a move. See id.

On June 12, 2008, a Westchester County jury convicted petitioner of failing to register or verify as a sex offender, a Class D felony. On July 29, 2008, petitioner was

---

[1] On October 19, 2004, pursuant to Doe v. Pataki, 3 F. Supp.2d 456 (S.D.N.Y. 1998), a re-determination hearing was held with regard to petitioner's risk level classification. Petitioner waived his right to appear at the hearing, and it was ordered that his original "level 3" risk level status be entered into the Sex Offender Registry administered by the DCJS.

Copies mailed / handed / faxed to ~~counsel~~ plaintiff 5/30/13

sentenced to a term of imprisonment of two and one-third to seven years. Presently before this Court is petitioner's *pro se* Amended Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, I respectfully recommend that the Court deny the petition in its entirety.

## I. BACKGROUND AND PROCEDURAL HISTORY

On or about July 21, 2001, prior to his release from custody upon completion of his sentence related to his conviction for first degree attempted rape, petitioner executed and acknowledged receipt of his sex offender registration form which specified his duties and requirements of registry.

On or about March 7, 2003, petitioner pled guilty in Albany City Court of failure to register as a sex offender and was sentenced to sixty days in the Albany County Jail.

On or about August 21, 2003, petitioner was convicted in Guilderland Town Court, Albany County, of failing to register as a sex offender.

On or about May 7, 2004, an Albany County Court jury convicted petitioner of two felony counts of failing to register as a sex offender. Petitioner was sentenced on November 30, 2004 to a term of imprisonment of one to three years.[2]

On or about May 30, 2007, petitioner filed a change of address with DCJS in which he indicated he was moving from the Albany County Jail to the Open Arms Shelter, located at 86 East Post Road in White Plains, New York. It appears, however,

---

[2] On February 28, 2008, the Appellate Division reversed petitioner's conviction and remanded for a new trial due to errors in the jury instruction. See People v. Haddock, 48 A.D.3d 969, 852 N.Y.S.2d 441 (3d Dep't 2008) (*leave to appeal dismissed* People v. Haddock, 12 N.Y.3d 854, 909 N.E.2d 589, 881 N.Y.S.2d 666 (N.Y. May 1, 2009)). It appears that petitioner was not retried.

that petitioner did not arrive at the shelter until July 3, 2007.

On July 25, 2007, petitioner moved to the Volunteers of America Shelter located at 25 Operations Road, Valhalla, New York. He did not file a change of address form with DCJS within ten days. On August 7, 2007, members of the Westchester County Department of Public Safety met with petitioner and gave him an opportunity to file a change of address form. Petitioner refused and fled the area. Later that day, a felony complaint was filed against petitioner in the Town of Mount Pleasant Court. On August 10, 2007, while in the custody of DCJS, petitioner again refused to complete a change of address form.

On September 9, 2007, by Westchester County Indictment Number 07-1124, petitioner was charged with Failure to Register or Verify as a Sex Offender between July 25, 2007 and August 7, 2007 while he resided in Westchester County, New York. See Memorandum of Law and Respondent's Exhibits, Exh. A.[3] Petitioner was arraigned on September 20, 2007, at which time he was represented by the Legal Aid Society of Westchester County. On October 26, 2007, the County Court (Bellantoni, J.) granted petitioner's motion for new counsel and assigned Barry Warhit, Esq.

Mr. Warhit filed an *omnibus* motion on November 1, 2007. See Exh. B. By Decision and Order dated January 2, 2008, following an *in camera* review of the grand jury minutes, the County Court denied the motion except to the extent of ordering a *Sandoval* hearing. See Exh. D. On February 28, 2008, the County Court (Molea, J.) granted petitioner's second request for new counsel and assigned Richard Ferrante,

---

[3] Hereinafter, all citations to "Exh. ___" refer to exhibits attached to Respondent's Memorandum of Law.

Esq. On May 12, 2008, the County Court (Cohen, J.) denied petitioner's third request for assignment of new counsel.

Pretrial hearings were held on June 4, 2008; jury selection immediately followed and concluded on June 5, 2008. On June 12, 2008, the jury returned its verdict finding petitioner guilty as charged. Petitioner was sentenced on July 29, 2008.

Defense counsel timely filed a Notice of Appeal on August 28, 2008. See Exh. E. On or about October 3, 2008, the Appellate Division acknowledged receipt of petitioner's motion for poor person relief and assignment of counsel. See Exh. F. By Decision and Order dated November 14, 2008, the Second Department granted petitioner's motion and assigned Arza Rayches Feldman, Esq. See Exh. G.

On May 15, 2009, following a jury trial in Albany County Supreme Court, petitioner was convicted of failing to register as a sex offender and was sentenced to one to three years. Said conviction stemmed from petitioner's residence in the City of Albany, unregistered, for more than ten days, following his release from incarceration in Albany County in March 2007.[4]

On or about October 19, 2009, petitioner filed a motion to relieve appellate counsel and for assignment of new counsel complaining, *inter alia*, of appellate counsel's failure to perfect petitioner's appeal. See Exh. H. By Decision and Order dated January 4, 2010, the Second Department denied petitioner's motion. See Exh. J.

---

[4] Petitioner appealed said conviction to the Appellate Division on the grounds of, *inter alia*, insufficient evidence and double jeopardy; the Third Department affirmed on January 13, 2011. See People v. Haddock, 80 A.D.3d 885, 914 N.Y.S.2d 431 (3d Dep't 2011). The New York Court of Appeals denied leave to appeal on March 31, 2011. See People v. Haddock, 16 N.Y.3d 831, 946 N.E.2d 183, 921 N.Y.S.2d 195 (2011).

On or about March 10, 2010, petitioner filed a Petition for a Writ of Habeas Corpus which was assigned to the Honorable Deborah A. Batts.

On or about June 3, 2010, in pursuance of petitioner's direct appeal, defense counsel filed a Brief for Appellant wherein he argued: (1) the trial court erred in precluding petitioner from cross-examining a prosecution witness about what petitioner told him; (2) his sentence was harsh and excessive; and (3) the trial court's imposition of the maximum sentence constituted punishment for petitioner's rejection of a plea bargain and exercise of his right to a jury trial.

By Amended Order dated July 22, 2010, Judge Batts directed Respondent to file an Answer within sixty days and noted "[a] close reading of Petitioner's claim reflects that he, inter alia, argues that his due process rights were violated by appellate counsel's nearly two year delay in perfecting his appeal. While other grounds for a habeas petition may require state exhaustion, this ground does not."

By Decision and Order dated December 28, 2010, the Appellate Division affirmed petitioner's conviction. See People v. Haddock, 79 A.D.3d 1148, 917 N.Y.S.2d 634 (2d Dep't 2010). The New York Court of Appeals denied petitioner leave to appeal on February 25, 2011. See People v. Haddock, 16 N.Y.3d 798, 944 N.E.2d 1154, 919 N.Y.S.2d 514 (2011).

On or about June 17, 2011, petitioner filed in the Second Circuit a *pro se* Application for Leave to File a Second or Successive Habeas Corpus Petition. By Order entered August 2, 2011, the Second Circuit denied petitioner's application "because the first § 2254 proceeding has not yet ended and, therefore, the claims in the present application are not successive" and transferred the case "to the district court for

whatever further action the district court finds appropriate." Docket #15. The Second Circuit's Mandate issued September 14, 2011. Docket #17. That same day, petitioner filed his successive petition application in this Court as a Petition for a Writ of Habeas Corpus, which spawned Civil Case No. 11 Civ. 6794 (VB).

On October 4, 2011, the instant case was transferred to Your Honor. On or about October 17, 2011, petitioner filed his successive petition application as an Amended Petition in the instant case. Docket #20. That same day, Your Honor issued an Order directing the Clerk of the Court to close Civil Case No. 11 Civ. 6794 "[a]s the Petition in this case has been accepted and filed as an Amended Petition" in the instant case.

## II. THE INSTANT CLAIMS ARE UNEXHAUSTED AND PROCEDURALLY BARRED

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State . . . ." 28 U.S.C. § 2254(b)(1). A habeas petitioner satisfies the exhaustion requirement if he has presented his claims for post-conviction relief to the highest state court. See Humphrey v. Cady, 405 U.S. 504, 516 (1972); Grey v. Hoke, 933 F.2d 117, 119 (2d Cir. 1991). More specifically, "[t]he exhaustion requirement may be satisfied by raising the federal claim on direct appeal to the state's highest court or by collateral attack of the conviction and subsequent appeal of the denial of that application to the state's highest court." Harris v. Hollins, No. 95 Civ. 4376, 1997 WL 5909, at *2 (S.D.N.Y. Jan. 7, 1997). Further, "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state law claim was made."

Anderson v. Harless, 459 U.S. 4, 6 (1982) (citation omitted).  To properly exhaust a state court remedy, a petitioner "must apprise the highest state court of both the factual and the legal premises of the federal claims ultimately asserted in the habeas petition." See Galdamez v. Keane, 394 F.3d 68, 73 (2d Cir. 2005).  This requires the petitioner to have set forth in state court "all of the essential factual allegations asserted in his federal petition," coupled with "essentially the same legal doctrine he asserts in his federal petition." Daye v. Attorney Gen. of New York, 696 F.2d 186, 191-92 (2d Cir. 1982) (en banc).  To this end, the Second Circuit has delineated a number of ways in which a petitioner may fairly apprise the state court of the constitutional nature of his claim, including: "a) reliance on pertinent federal cases employing constitutional analysis, b) reliance on state cases employing constitutional analysis in like fact situations, c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation." See Carvajal v. Artus, 633 F.3d 95, 104 (2d Cir. 2011).

The instant Amended Petition, to the extent it is decipherable, sets forth the following grounds for habeas relief: (1) "Double Jeopardy" bars his June 12, 2008 conviction because he was convicted of the "same crime" on May 7, 2004 in Albany County; (2) he was arrested and imprisoned without an arrest warrant; and (3) the June 12, 2008 conviction is not supported by legally sufficient evidence.[5]  However, petitioner

---

[5] Although the original Petition included a "speedy trial" claim, the Amended Petition does not.  It is reasonably likely that petitioner abandoned said claim because his direct appeal was fully resolved four months prior to his successive petition application to the Second Circuit.

failed to raise said claims on direct appeal to the Appellate Division and in his leave application to the New York Court of Appeals. Accordingly, I conclude, and respectfully recommend, that petitioner's habeas claims are unexhausted.

Nevertheless, the instant habeas claims are "deemed exhausted" since petitioner no longer has remedies available in the state courts. See Bossett v. Walker, 41 F.3d 825, 828 (2d Cir. 1994). Petitioner cannot again seek leave to appeal his claims in the Appellate Division or Court of Appeals because he has already made the one request for leave to appeal to which he is entitled. See N.Y. Ct. Rules § 500.20(a); N.Y. Crim. Proc. Law § 460.15. Further, petitioner is precluded from raising his claims in a collateral proceeding because he could have presented them on direct appeal but did not. See N.Y. Crim. Proc. Law § 440.10(2)(c). See also Spence v. Superintendent, Great Meadow Corr. Facility, 219 F.3d 162, 170 (2d Cir. 2000).

Although petitioner's habeas claims are deemed exhausted, his forfeiture of said claims in state court "bars him from litigating the merits of those claims in federal habeas proceedings, absent a showing of cause for the procedural default and prejudice resulting therefrom." See Grey, 933 F.2d at 121. Alternatively, said claims—while otherwise procedurally barred—may receive federal habeas review if petitioner shows that the failure to consider the claims will result in a fundamental miscarriage of justice because "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. 478, 496 (1986). Petitioner does not allege that this Court's failure to address the merits of said claims would result in a fundamental miscarriage of justice, and the only cause he identifies for his procedural default is ineffective assistance of appellate counsel.

However, because petitioner has never presented an independent claim of ineffective assistance of appellate counsel to the state courts, he may not use it to establish cause for his procedural default. See Rush v. Lempke, 500 Fed. App'x 12, 15-16 (2d Cir. 2012). Accordingly, I respectfully recommend that petitioner's habeas claims are procedurally barred from consideration by this Court and must be dismissed.[6]

## III. CONCLUSION

For the foregoing reasons, I conclude, and respectfully recommend, that the instant petition for a writ of habeas corpus be denied in its entirety.[7]

## IV. NOTICE

Pursuant to 28 U.S.C. § 636(b)(1)(c), as amended, and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from receipt of this Report to serve and file written objections to this Report and Recommendation. If copies of this Report are served upon the parties by mail, the parties shall have seventeen (17) days from receipt of this Report to file and serve written objections. See Fed. R. Civ. P. 6(d). Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of The Honorable Vincent L. Briccetti at the United States District Court, Southern District of New York, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at said Courthouse.

---

[6] Dismissal of claim for habeas relief on the ground of procedural default amounts to "a disposition of the habeas claim on the merits." See Carvajal v. Artus, 633 F.3d 95, 104 (2d Cir. 2011).

[7] Attached to this Report and Recommendation are copies of all unpublished opinions and decisions available only in electronic form cited herein. See Lebron v. Sanders, 557 F.3d 76, 78 (2d Cir. 2009).

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.  See Caidor v. Onondaga County, 517 F.3d 601, 604 (2d Cir. 2008).

Requests for extensions of time to file objections must be made to the Honorable Vincent L. Briccetti and not to the undersigned.

Dated: May 30, 2013
White Plains, New York

Respectfully Submitted,

_____
GEORGE A. YANTHIS, U.S.M.J.