UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
JOHN HADDOCK,                                    :
                Petitioner,         :
                                    :    **MEMORANDUM DECISION**
v.                                               :
                                    :    10 CV 3442 (VB)
SECOND APPELLATE COURT,                          :
                Respondent.        :
--------------------------------------------------------------x

Briccetti, J.:

       Before the Court is Magistrate Judge George A. Yanthis's Report and Recommendation ("R&R"), dated May 30, 2013, on petitioner John Haddock's petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, from his July 29, 2008, conviction entered in Westchester County Court. Judge Yanthis recommended the Court deny the petition. Familiarity with the factual and procedural background of this case is presumed. For the following reasons, the Court adopts the R&R as the opinion of the Court, and denies the petition.

       A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific[,] written," and submitted within 14 days after being served with a copy of the recommended disposition, Fed.R.Civ.P. 72(b)(2); 28 U.S.C. § 636(b)(1), or within 17 days if the parties are served by mail. See Fed. R. Civ. P. 6(d).

       Insofar as a report and recommendation deals with a dispositive motion, a district court must conduct a de novo review of those portions of the report or specified proposed findings or recommendations to which timely objections are made. 28 U.S.C. § 636(b)(1)(C). The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record. Lewis v. Zon,

1

573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y.1985).  The clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments.  Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

Petitioner did not object to Judge Yanthis's R&R.

The Court has reviewed Judge Yanthis's thorough and well-reasoned R&R and finds no error, clear or otherwise.

## CONCLUSION

Accordingly, the Court adopts the R&R in its entirety.  The petition for a writ of habeas corpus is DENIED.  The Clerk is instructed to enter judgment accordingly and close this case.

As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.  See 28 U.S.C. § 2253(c)(2); Love v. McCray, 413 F.3d 192, 195 (2d Cir. 2005). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  See Coppedge v United States, 369 U.S. 438, 444-45 (1962).

Dated: July 15, 2013
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge